FIRST SAV. BANK OF OGDEN v. BRAMWELL, County Recorder.

No. 4424.   Decided June 15, 1926.   (247 P. 573)

REGISTERS OF DEEDS—COUNTY RECORDER IS NOT ENTITLED TO COLLECT FEES FOR OTHER THAN ACTUALLY WRITTEN WORDS OF INSTRUMENT COMPLYING WITH AND FITTING INTO PRINTED FORM PREPARED FOR OFFICE (COMP. LAWS 1917, §§ 1580, 2520, 2522, 5848). County recorder *held* not entitled, under Comp. Laws 1917, §§ 1580, 2520, 2522, to collect fee for other than actually written words in recording instrument which complies with and fits into printed form prepared for office, and notwithstanding provision of section 5848 that writing includes printing.

Corpus Juris-Cyc. References:
[1]   Registers of Deeds 34 Cyc. p. 1025 n. 73.

Original proceeding by the First Savings Bank of Ogden for a writ of mandate against Mae E. Bramwell, as County Recorder of Weber County.

WRIT GRANTED.

*De Vine, Howell, Stine & Gwilliam* and *A. W. Agee,* all of Ogden, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., for defendant.

GIDEON, C. J.

This is an original proceeding in this court seeking a writ of mandate against the defendant, county recorder of Weber county. The defendant appeared by the Attorney General and demurred generally to the petition, alleging as grounds of demurrer that the petition did not state facts sufficient to constitute a cause of action or to warrant the court in issuing any writ against the defendant.

It is alleged in the petition that the plaintiff is a banking institution, doing a general banking business in Ogden City, Weber county; that in the course of its business it makes many loans which are secured by real estate mortgages, and as a result it has a large number of mortgages each year to be recorded in the mortgage records of Weber county; that heretofore a sufficient number of mortgages of the same general form have been presented for record to the defendant as county recorder so as to make it advisable to have a printed book for the recording of such mortgages; that the defendant recorder has heretofore, with the approval of the board of county commissioners of said county, provided a printed book of forms of the same general form as the real estate mortgages used by the plaintiff in securing payment of loans made by it. It is further stated that the defendant recorder has at the present time a book of forms printed of the same general form as the mortgages used by the plaintiff. It is likewise stated in the petition that plain-

tiff is now, and at all times has been, ready and willing, and has offered, to pay the defendant recorder the fees provided by statute for recording the actual words written in the record book where such general forms have been printed. Defendant declines to accept the fees tendered by plaintiff and record the mortgages, as she has been advised that it is her duty to collect from the plaintiff, and others desiring mortgages recorded, the fees provided by the statute for the actual words within the mortgages, and not the actual words which she is required to write into the printed form in the book kept for the purpose of recording such mortgages as the plaintiff tenders her to be recorded. Whether the defendant is right in making that demand is the sole and only question in this case.

The plaintiff bases its right to this writ upon the provisions of section 1580, Comp. Laws Utah 1917. The Attorney General insists that that section should be construed with other provisions of the statute, and, when so construed, it is the duty of the defendant to collect from the plaintiff the fees provided for each folio in the mortgages, regardless of the printed part of the mortgage, and regardless of the printed form which is used by the recorder.

Section 2520, Comp. Laws Utah 1917, providing for the fees to be collected by county officers, reads as follows:

"For services performed in their respective offices, * * * the county recorder, * * * shall collect in advance for the use and benefit of the county the fees hereinafter enumerated under their respective official titles, and shall pay the same to the county treasurer monthly."

Section 2522, which enumerates the fees to be collected by the county recorder, is in part as follows:

"For recording any instrument, paper, or notice, other than bonds of public officers, not otherwise provided for, for the first folio 50 cents, to include necessary filing, indexing and abstracting, and for each additional folio, 20 cents; provided, however, that where any instrument, paper, or notice contains more than one description, an additional fee of 10 cents for each of such additional descriptions shall be collected."

Section 1580, supra, reads as follows:

"By and with the concurrence of the board of county commissioners in the several counties of this state, it shall be the duty of the county recorders, wherever a sufficient number of documents of the same general form are presented for recording, to provide printed books of such forms, and they shall record such documents therein, and the fees for recording in such books shall be the legal charge for the words actually written therein."

The language of the foregoing section does not leave much room for doubt as to its meaning. The Attorney General, however, insists that the word "written" therein includes not only words actually written by pen, but also printing and typewriting, and relies upon the provisions of section 5848 as supporting that contention. Section 5848 is as follows:

"In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the Legislature or repugnant to the context of the statute;   *   *   *

"4. The word 'writing' includes printing, writing, and typewriting."

It is therefore argued, on behalf of the defendant, that the word "written" found in section 1580, supra, includes printing, writing, and typewriting, and that hence it is the duty of the defendant to collect the same fees for recording a mortgage that conforms with the printed form as would be collected were no printed form used.

There would be more force to the contention of the Attorney General if it did not affirmatively appear from the wording of section 1580, supra, that it was the manifest intent of the Legislature that the recorder should collect only for the words actually written on the printed forms provided for in that section. Otherwise the section would be meaningless. Section 2522, supra, provides for the fees per folio; first providing 50 cents for the first folio, which shall include the filing, indexing, and abstracting, and for each additional folio 20 cents. If the recorder is required to collect the same fees for recording an instrument in a printed

Certiorari

form book, such as is mentioned in the petition, then the Legislature did a meaningless and useless thing in enacting section 1580, supra.

We are satisfied that the defendant is not entitled to collect the fees claimed before recording an instrument which complies with and fits into the printed form which she has prepared for her office with the consent of the county commissioners of that county. We are likewise satisfied that the defendant, when advised as to the judgment of this court, on the question herein presented, will readily conform to the views of the court and that it will not be necessary to issue a formal writ.

The order, therefore, will be that the writ is granted, but that no writ will issue until it is made to appear to the court that the defendant declines or refuses to comply with the views of the court expressed herein.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.